# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

431 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,

    *Defendant-in-rem.*

Civ. No. 16-314

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property that is derived from proceeds of a violation(s) of 18 U.S.C. § 542 is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C); property imported in violation 18 U.S.C. § 545 is subject to forfeiture pursuant to 18 U.S.C. § 545; and property imported in violation of 19 U.S.C. § 1304 is subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(2)(E).

### DEFENDANT *IN REM*

2. The defendant *in rem* consists of the following:

    a. 840 Pieces of Counterfeit Native American Jewelry (hereafter collectively referred to as "Defendant Property").

3. The Defendant Property was seized by the United States Fish and Wildlife Service and the Federal Bureau of Investigation on October 28, 2015 at Albuquerque, in the District of New Mexico.

4. The Defendant Property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Property will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. Since 2012, the Department of the Interior, United States Fish and Wildlife (USFWS) agents, and the Indian Arts and Crafts Board (IACB) has been conducting an investigation of the sale of counterfeit Native American jewelry. USFWS Special Agent (SA) Russell Stanford has been attached to the IACB since March of 2012. SA Stanford is responsible for investigating violations of the Indian Arts and Crafts Act. SA Stanford's investigation revealed Sterling Islands and other businesses associated with Sterling, work in concert with others in and around the State of New Mexico to design, import and fraudulently sell counterfeit Native American jewelry in violation of the Indian Arts and Crafts Act, specifically 18 U.S.C. § 1159. Similarly, SA Stanford's investigation revealed I Jewelers Wholesale Inc. located at 1406 Lincoln Avenue, Calistoga, California 94515 ("IJW") and other

businesses associated with IJW, work in concert with others inside and outside the state of New Mexico to design, manufacture, import and fraudulently sell counterfeit Native American jewelry in violation of the Indian Arts and Crafts Act, specifically 18 U.S.C. § 1159.

8. This Act is designed to prevent products from being falsely marketed as "Indian Made" when the products are not, in fact, made by Indians as defined by the Act. Subsection (a) of 18 U.S.C. § 1159 provides:

> (a) It is unlawful to offer or display for sale or sell any good, with or without a Government trademark, in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization, resident within the United States.

9. The investigation revealed approximately ten retail and wholesale businesses that sold Sterling's counterfeit Native American-style jewelry in New Mexico. These businesses, primarily located in areas of high tourist activity, sell Native American-style jewelry, manufactured in the Philippines and imported by Sterling, as genuine Native American-made jewelry.

10. The investigation also revealed approximately six retail businesses that sell or sold IJW's counterfeit Native American-style jewelry in New Mexico and approximately three outside the state of New Mexico. These businesses, primarily located in areas of high tourist activity, sell Native American-style jewelry, manufactured in the Philippines and imported by IJW, as genuine Native American-made jewelry.

11. Kuchi Gallery, Inc., d/b/a Momeni's Gallery ("Momeni's") is a retail store located at 222 Old Santa Fe Trail in Santa Fe, NM. Ismail Momeni is listed as the President of Kuchi Gallery, Inc. according to the New Mexico Secretary of State.

12. An examination of Sterling financial records revealed four payments made from Kuchi Gallery, Inc. to Sterling Islands between May 23, 2013 and June 10, 2014.

13. On October 20, 2015, SA Stanford visited Momeni in a covert manner and observed jewelry, rugs, pottery and other items for sale. The jewelry offered for sale was displayed in several cases in one section of the business. Specifically there were pendants, rings, and necklaces which were consistent with Sterling imports and several rings, bear pendants, and bracelets which were consistent with IJW imports.

14. Noor LNU and Hamed LNU were present at the business. Noor LNU assisted SA Stanford. SA Stanford asked to look at several of the items which he knew to be consistent with imported items. Among these items were:

a. A bear pendant was consistent with the IJW imports. The bear pendant was two-sided and the design stamped into the metal on the back side of the bear was consistent with other IJW imports that SA Stanford has seen from previously documented inspections of IJW imported jewelry. The bear pendant did not have the "IJ" initials seen on the IJW imports, however. Noor LNU told me the bear pendant was Zuni-made and, "one, only," which SA Stanford understood to mean one-of-a-kind. After the covert contact, SA Stanford compared the bear pendant with another bear pendent which SA Stanford documented during a previous IJW inspection. The two items appear to have an identical inlaid design.

b. A butterfly necklace which SA Stanford knew to be consistent with Sterling imported jewelry.

c. An inlaid silver cuff bracelet, marked for $1700, with "IJ" initials stamped in it, consistent with those imported by IJW.

d. An inlaid ring which SA Stanford knew to be consistent with those imported by IJW. The ring was offered for sale for $1,300 and had "IJ" initials stamped in it. SA

4

Stanford asked about the "IJ" initials and if Noor LNU knew the artist. Noor LNU told me that he did know him and that he's "the guy in Albuquerque."

    e. A "double bracelet" which SA Stanford knew to be consistent with IJW imports. The bracelet had the initials "IJ" stamped in it. SA Stanford remarked that it was probably made by the same guy, referencing the bracelet and ring, above. Noor LNU agreed by saying, "yeah."

    f. A pendant which SA Stanford knew to be consistent with those imported by Sterling. Specifically, the pendant was consistent with items documented during a prior Sterling import inspection. Referring to the pendant, SA Stanford stated that he wanted to make sure he got something Native American and Noor LNU replied, "That's what it is . . . ."

15.    SA Stanford repeatedly mentioned the jewelry and the variation of the designs within the same tribal affiliation. At no time did Noor LNU correct him and advise that the items were imported. In addition, nothing in the store advised a potential customer that the items were imported and not Native American-made as claimed by Noor LNU. I asked Noor LNU how long he had been selling Indian jewelry and Noor LNU told SA Stanford that he had been selling for sixteen years.

16.    The ring, bracelet and pendant were all sold to SA Stanford for $1,559.80, in violation of 18 U.S.C. § 1159. SA Stanford asked Noor LNU one more time if he knew the identity of the artists who made the items. Noor LNU replied that he did not. SA Stanford told him it did not matter as long as SA Stanford's father—for whom he was purportedly purchasing the items—knew the item was Zuni-made. Noor LNU replied, "Yeah, he will know."

17. A federal search and seizure warrant was executed on October 28, 2015, at Momeni's Gallery business located at 222 Old Santa Fe Trail, Santa Fe, New Mexico. Agents seized 431 pieces of counterfeit Native American jewelry at the store. The counterfeit jewelry is described in more detail below:

| 1 | 67  | Counterfeit Native American Bracelets, |
| 2 | 194 | Counterfeit Native American Pairs of Earrings, |
| 3 | 56  | Counterfeit Native American Necklaces, |
| 4 | 28  | Counterfeit Native American Pendants, and |
| 5 | 86  | Counterfeit Native American Rings. |

## FIRST CLAIM FOR RELIEF

18. The United States incorporates by reference the allegations in paragraphs 1 through 17 as though fully set forth.

19. 18 U.S.C. § 981(a)(1)(C) provides, in part, of the forfeiture for any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 542 enumerated among other crimes, or conspiracy to commit such offense.

20. 18 U.S.C. § 542 prohibits the introduction or attempt to introduce into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance.

21. Defendant Counterfeit Jewelry is the proceeds of violation(s) of 18 U.S.C. § 542 or is the proceeds traceable to such property and is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SECOND CLAIM FOR RELIEF

22. The United States incorporates by reference the allegations in paragraphs 1 through 17 as though fully set forth.

23. 18 U.S.C. § 545 prohibits the importation into the United States of any merchandise contrary to law or the receipt, concealment, purchase, or sale or the facilitation of the transportation, concealment, or sale of such merchandise after importation.

24. Defendant Counterfeit Jewelry was introduced into the United States or received, concealed, purchased, sold or transported in violation of 18 U.S.C. § 545 and is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 545.

### THIRD CLAIM FOR RELIEF

25. The United States incorporates by reference the allegations in paragraphs 1 through 17 as though fully set forth.

26. 19 U.S.C. § 1304 requires that every article of foreign origin (or its container) imported into the United States be marked in a conspicuous place with the name of the country of its origin.

27. Defendant Counterfeit Jewelry was marked intentionally in violation of 19 U.S.C. § 1304 and is thus subject to forfeiture to the United States pursuant to 19 U.S.C. § 1595a(c)(2)(E).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests:

(1) That, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), a Warrant of Arrest *In Rem*, in the form submitted with this Complaint, be issued to the United States Attorney General or to any duly authorized law enforcement officer by the Clerk of this Court, as the defendant personal property is already in the possession, custody or control of the United States;

(2) That the Court direct any and all persons having any claim to the defendant properties to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G, or suffer default thereof;

(3) That the defendant properties be forfeited and condemned to the use and benefit of the United States of America; and

(4) That plaintiff be awarded its costs and disbursements in this action and such other and further relief as this Court deems proper and just.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*(signature)*

STEPHEN R. KOTZ
KRISTOPHER N. HOUGHTON
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the US Fish Wildlife and Service who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 4/19/16

Russ Stanford, Special Agent
US Fish and Wildlife Service