IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

    v.                                      Civ. No. 16-314  KBM/KK

431 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,

    *Defendant-in-rem.*

## JOINT MOTION FOR STAY OF DISCOVERY

Pursuant to 18 U.S.C. §§ 981(g)(1) and (2), the parties move for stay of discovery in this case, subject to periodic review every 90 days.

On April 19, 2016, the United States filed this *in rem* action seeking forfeiture of the Defendant Property. (Doc. 1.)  Claimant, Ismail Momeni has filed a claim and answer in this action pursuant to Supplemental Rule G(5). (Docs. 4 & 5.)

A stay is governed by 18 U.S.C. § 981(g), which provides in pertinent part:

> (g)(1)  Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> (4)  In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made.  In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

    (g)(2)  Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—
      (A) the claimant is the subject of a related criminal investigation or case;
      (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
      (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

  This civil forfeiture action arises from the same facts, circumstances, and witnesses involved in the underlying criminal investigation and/or the prosecution of a related criminal case.  Therefore, the civil case and the criminal prosecution are related within the meaning of the statute.  The broader discovery available to claimant in this civil action would unnecessarily and prematurely expose the Government's evidence and witnesses, including case agents and potential cooperating witnesses, in the criminal case.  Moreover, the continuation of discovery will burden the right of the claimant's representative against self-incrimination in the related criminal investigation or case.

  Counsel for Claimant Ismail Momeni concurs in this motion.

  WHEREFORE, the parties respectfully request that an order staying discovery in these proceedings be entered subject to periodic review every 90 days.

            Respectfully submitted,

            DAMON P. MARTINEZ
            UNITED STATES ATTORNEY

            *Electronically filed on November 10, 2016*
            STEPHEN R. KOTZ
            Assistant U.S. Attorney
            P. O. Box 607
            Albuquerque, New Mexico  87103-0607
            (505) 346-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

_____/s/_____
STEPHEN R. KOTZ
Assistant U.S. Attorney